IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY JOHNSON, SCOTT LEAVITT AND RYAN RIDDLE,<br><br>Defendants. | **SUPPLEMENTARY TRIAL MANAGEMENT ORDER**<br><br>Case No. 2:11-cr-501-DN<br><br>District Judge David Nuffer |

**IT IS HEREBY ORDERED:**

**Pro Se Defendants Testimony:** Standby counsel for pro se defendants asked how questioning will be done should pro se defendants choose to testify. Mr. Skordas specifically asked for guidance and whether standby counsel would ask questions from the lectern and make objections to questions on cross examination. The prosecution suggested that based on another trial experience, that the pro se defendants, if they elect to testify, might be questioned by standby counsel based on written questions they give standby counsel before testifying and that standby counsel might have ethically challenging questions reviewed by the court before proceeding.

Before being permitted to go pro se, defendants were informed that standby counsel was prohibited from any role before the jury.[1] Pro se defendants were advised by the magistrate judge[2] that they would be required to present their own testimony by question and answer. These

---

[1] Order Regarding Pro Se Appearance and Role of Standby Counsel, docket no. 943, filed December 30, 2015; Order Regarding Pro Se Appearance and Role of Standby Counsel, docket no. 1032, filed January 22, 2016.

[2] Minute Entry, docket no. 942 filed December 30, 2015; Minute Entry, docket no. 1015, filed January 10, 2016.

orders will not be changed. If asked to respond to an objection, a testfying pro se defendant must respond to objections, and a testifying pro se defendant must also make objections on cross. Split responsibility for representation which has already been rejected, along with a hybrid counsel proposal.[3] If pre-scripted questions were in the hands of standby counsel, ability to modify questions in response to objections would be limited. Standby counsel who have professional conduct duties and an understanding of the laws should not be directed in their actions by pro se parties. Pro se defendants who elect to testify will advise the court before taking the stand so that the unusual self-examination procedure can be explained to the jury with this statement:

> Defendant _____has chosen to represent himself. He has also chosen to testify. He will now proceed to pose questions to himself, which allows objection, and then answer the questions he has posed. He will then be subject to further examination by other parties on the subjects of his direct testimony.

**Examination of Defense Witnesses by Defendants:** Mr. Brad Mumford submitted a list of witnesses the defense intends to call, with a proposal for the sequence of examination.[4] The following defense witnesses shall be called by the defendant whose initials first appear after their name. Then, continuing direct examination shall proceed by the defendants, if any, whose initials next appear after the witness's name. Direct examination by defendants shall not be duplicative.

Megan Spurling SL, JJ, RR
Shane Fisher SL, JJ, RR
Jeremy Livingston JJ, RR, SL
Andy Phillips JJ, RR, SL
David Leavitt SL, JJ
Martin Elliott JJ, SL, RR
Tom Litle RR, JJ, SL
Kenny Miller SL
Keli Enloe SL

---

[3] Minute Entry, docket no. 1216, filed February 19, 2016.

[4] Email from Brad Mumford, docket no. 1311, filed March 7, 2016.

Jonathon Hindes SL, RR, JJ
Gene Hoffman, Jr. SL, RR, JJ

**Reminders**:

Counsel and pro se defendants must stand when objecting, except a testifying pro se defendant need not stand to object.

Only the attorney or pro se defendant conducting examination may object during a witness's testimony.

Only counsel or pro se defendants who are examining may participate in any discussion on objections.

Signed March 3, 2016.

BY THE COURT

_____
District Judge David Nuffer

3